WALLACE, JUDGE:
This claim for $3,488.05 involves work performed by the claimant on an LCM-3 landing craft owned by respondent. The claimant *34 alleges the work was extra work over and above the price quotation given by claimant to respondent. The contract price of $22,500.00 has been paid by respondent. Respondent contends that the contract covered all the work which was described as extras, and therefore, no further payments are due claimant.
The contract states, in part, that claimant is:
“To supply all parts and labor sufficient to effect repairs to an LCM-3 Landing Craft, by removing, repairing, and reinstalling two (2) Gray Marine 671 engines and gear boxes, and to rebuilding exhaust system, hooking up engine piping and electrical controls and miscellaneous parts.
The 671 engines will be rebuilt using new style engine blocks, new pistons, liners, main bearings, and any other parts required.
The gear boxes will be disassembled and repaired as per factory specifications.”
The “extra” work for which claimant submitted an invoice involved work on raw and fresh water pumps, flywheel repairs, cleaning gear boxes, and work on the tailshaft and exhaust system. There was also a charge for packing material. Michael B. Balch, President of Kanawha River Docking and Marine, Inc., testified that none of the invoiced labor and materials was contemplated by the original contract. He further stated that authorization for the work was given by James Snyder, respondent’s field superintendent who oversaw the work. Daniel Fowler, respondent’s Executive Director, testified that he was “the only one empowered to make any commitments of a financial nature” and he did not do so.
After careful consideration of the evidence presented, the Court concludes that certain work performed by claimant was not contemplated by the terms of the contract, and claimant should be compensated for this work. Failure to do so would result in unjust enrichment to the respondent. Mr. Balch testified that the raw and fresh water pumps were not a part of the engines, but accessories to the engine, which evidence was not controverted by respondent. The work on the tailshaft was likewise not contemplated by the terms of the contract. The packing material was purchased by respondent as a separate transaction. The exhaust system, gear boxes, and flywheel are clearly included under the broad terms of the contract. No award will be made for the portion of the claim regarding these items. The repairs to the water pumps amounted to $700.40, and to the tailshaft, $220.00. *35 The packing material cost $63.00. The Court grants an award to claimant in the amount of $983.40.
Award of $983.40.